# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CAROLYN BROWN,<br>　　　　Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA;<br>UNITED STATES POSTAL SERVICE;<br>ZOTTOLI-MILLBROOK REALTY, INC.;<br>GAIL M. HANNY, CAROLYN Z. LINDEN, and<br>HELEN Z. DEGENER, TRUSTEES OF THE<br>ZOTTOLI-MILLBROOK NOMINEE TRUST;<br>ZOTTOLI-MILLBROOK NOMINEE TRUST;<br>RESERVOIR INVESTMENTS COMPANY, LLC; and<br>ROMANO CONSTRUCTION COMPANY, INC.,<br>　　　　Defendants. | **CIVIL ACTION<br>NO. 11-40224-TSH** |

## MEMORANDUM OF DECISION AND ORDER
## ON DEFENDANTS UNITED STATES OF AMERICA
## AND UNITED STATES POSTAL SERVICE'S MOTION TO DISMISS
(Docket No. 26)
July 12, 2012

**HILLMAN, D.J.**

Plaintiff filed this action against multiple defendants seeking damages for injuries she sustained as a result of an alleged trip and fall. The United States of America and United States Postal Service (collectively, the "Federal Defendants") have moved for dismissal of Count I against them citing an alleged lack of subject matter jurisdiction under the Federal Tort Claims Act by reason of the independent contractor exception (Docket No. 26). Other defendants and Plaintiff have objected to the Federal Defendants' Motion (Docket Nos. 29 and 31, respectively).

The gravamen of Plaintiff's claims is that each of the defendants failed in their duty to keep a Post Office safe and free of foreseeable hazards, leading to her alleged injuries. The thrust of the motion to dismiss is that the Federal Defendants are immune from suit; and, if they are immune, then this Court lacks subject matter jurisdiction over the remaining claims. Subject matter jurisdiction is based solely on Plaintiff's Count I claim under the Federal Tort Claims Act (the "FTCA"), 28 U.S.C. § 2671. While the FTCA waives sovereign immunity for the torts of government employees, it also defines "government employees" and specifically excludes "any contractor with the United States." 28 U.S.C. § 2671 *et seq*. For the Federal Defendants to be subject to suit, Plaintiff must show she has at least a plausible argument that the alleged hazards causing her trip and fall were caused by an "employee of the Government" (as that term is used in the Federal Tort Claims Act). 28 U.S.C. § 1346(b).[1] *See also*, *Logue v. United States*, 412 U.S. 521, 526, 93 S. Ct. 2215, 2219, 37 L. Ed. 2d 121 (1973) (where the Court first examined the FTCA distinction between government employees and contractors, and determined federal government was held not to be liable for the conduct of the county jail contractor's employees).

Plaintiff requests leave to conduct jurisdictional discovery. "In a situation where the parties dispute the predicate facts allegedly giving rise to the court's jurisdiction, the district court will often need to engage in some preliminary factfinding." *Skwira v. United States*, 344 F.3d 64, 71-72 (1st Cir. 2003) (noting that district court "enjoys broad authority to order discovery, consider extrinsic evidence, and hold evidentiary hearings in order to determine its own jurisdiction.") (quoting *Valentin v. Hosp. Bella Vista,* 254 F.3d 358, 363 (1st Cir. 2001)).

---

[1] Because Plaintiff chose the venue, it is her burden "to prove the existence of subject matter jurisdiction." *Aversa v. United States*, 99 F.3d 1200, 1209 (1st Cir. 1996). In ruling on a motion to dismiss for lack of subject matter jurisdiction under Fed.R.Civ.P. 12(b)(1), the district court must construe the complaint liberally, treating all well-pleaded facts as true and indulging all reasonable inferences in favor of the plaintiff. *Murphy v. United States,* 45 F.3d 520, 522 (1st Cir. 1995), *cert. denied,* 515 U.S. 1144, 115 S.Ct. 2581, 132 L.Ed.2d 831 (1995) .

Under the circumstances here, and given the substantial stakes at issue in this case, the Court will permit Plaintiff to engage in jurisdictional discovery. Plaintiff shall be permitted a 90-day period in which to conduct jurisdictional discovery to establish subject matter jurisdiction. Federal Defendants may file either an answer or a renewed motion to dismiss for lack of subject matter jurisdiction within 20 days thereafter.

## **Conclusion**

For the foregoing reasons, Defendants' Motion to Dismiss (Docket No. 26) is **DENIED** without prejudice for re-filing after a 90-day period, or until October 10, 2012, of discovery limited to jurisdictional issues. Further, the United States of America and the United States Postal Service, shall either file a motion to dismiss or an answer to the Complaint within 20 days thereafter, or until October 30, 2012.

**/s/ Timothy S. Hillman**
TIMOTHY S. HILLMAN
DISTRICT JUDGE